1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EDWIN J. MCNICHOLS,<br><br>                            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                            Defendant. | Case No.: 3:17-cv-00081-GPC-MDD<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDERING PAYMENT OF PARTIAL FILING FEE;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL;**<br><br>**(3) REFERRING MATTER TO MAGISTRATE JUDGE**<br><br>**[ECF Nos. 2, 3.]** |
|---|---|

On January 13, 2017, Plaintiff Edwin J. McNichols ("Plaintiff"), proceeding *pro se*, filed a Complaint against the Commissioner of the Social Security Administration ("Defendant") seeking review of an unfavorable final decision by an administrative law judge regarding his Title II claim for disability insurance. Plaintiff concurrently filed a

1

motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and a motion to appoint counsel (Dkt. No. 3).

## I.     Motion for Leave to Proceed *in Forma Pauperis* ("IFP")

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). IFP status may be acquired and lost during the course of litigation. *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (internal citation omitted).

District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey,* 841 F.Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir.1995) (finding that a district court did not abuse its

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). "Courts have discretion to impose partial filing fees under the in forma pauperis statute." *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995).

Here, Plaintiff has supplied an affidavit in support of his application to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff declares that he receives $1200 in retirement income and $620 in public assistance income per month, resulting in a total monthly income of $1820. (*Id.* at 2.) Plaintiff declares that his monthly expenses total $1610. (*Id.* at 5.) Plaintiff thus has about $210 surplus income per month. Plaintiff also has $150 in a checking account. (*Id.* at 2.) Plaintiff additionally states that he has "other obligations that [he] should be paying but cannot currently afford to," including renter's insurance; liabilities from, *inter alia*, an overdrawn checking account and a credit card (amounting to $1500); and amounts owed to AT&T (amounting to $175). (*Id.* at 5.)

In light of Plaintiff's monthly surplus income, while recognizing Plaintiff's economic circumstances, the Court concludes that Plaintiff can afford to pay a partial filing fee. *See* CivLR 3.2(d).

Accordingly, the Court **DENIES** Plaintiff's request to proceed IFP. (Dkt. No. 2.) **Plaintiff is to pay a partial filing fee of $150**.

## II.     Motion to Appoint Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (internal citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff

seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff moves the Court to appoint him counsel on the following grounds: (1) Plaintiff has made diligent efforts to obtain legal counsel, but everyone he has contacted has not taken his case and could not refer him to someone who litigates in federal court; and (2) "the nature of [his] psychiatric condition makes it very difficult for [him] to focus for long enough to compile a coherent argument and comply with deadlines."  (Dkt. No. 3.)

Neither the interests of justice nor exceptional circumstances warrant the appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. The Court preliminarily notes that Plaintiff has contacted a law firm as recently as December 1, 2016, and that Plaintiff has not yet met with intake staff regarding his case and is allegedly "still pursuing contact" with this law firm.  (Dkt. No. 3 at 2.)  Plaintiff may still be able to retain counsel for purposes of the instant appeal. Moreover, Plaintiff has thus far been able to participate in the administrative proceedings below and has been able to articulate relief in his pleading papers.  (Dkt. No. 1.)  In addition, given the existence of a full administrative record, it does not appear that the legal issues involved in Plaintiff's appeal are so complex that counsel is warranted at this stage of the proceedings.  *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *see also Peterson v. Anderson*, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case

complex."). While Plaintiff asserts that an attorney would help him form coherent arguments and comply with deadlines, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Indeed, "any pro se litigant certainly would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel. (Dkt. No. 3.)

### III. Referral to Magistrate Judge

All matters arising in the above-captioned social security appeal are hereby referred to the Honorable Mitchell D. Dembin, United States Magistrate Judge, for report and recommendation pursuant to section 636(b)(1)(B) of Title 28 of the United States Code and Civil Local Rule 72.1. *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. Civ. R. 72.1.

**IT IS SO ORDERED.**

Dated: January 23, 2017

Hon. Gonzalo P. Curiel
United States District Judge

5

3:17-cv-00081-GPC-MDD